NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANK BRETT, | : | |
| Plaintiff, | : | Civil Action No. 10-3542 (JAP) |
| v. | : | **OPINION** |
| TESTA'S BAKERY, *et al.*, | : | |
| Defendants. | : | |

PISANO, District Judge.

Presently before the Court is *pro se* plaintiff Frank Brett's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. Plaintiff brings this action against "Testa's Bakery - Sal Testa" and "Ewing Library - Mike and Gary." Based on plaintiff's application and affidavit of indigency, the Court finds that plaintiff is unable to pay the filing fee for this action. As such, plaintiff's application shall be granted.

Under the IFP statute, a court may *sua sponte* dismiss a complaint if the complaint is "frivolous or malicious" or "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2). Being mindful that the court must construe a *pro se* complaint liberally, the Court nonetheless finds that dismissal of plaintiff's complaint is warranted in this case.

In the first paragraph of Plaintiff's handwritten and partially illegible complaint, he alleges that "Sal Testa and his friends" have "run me over in NJ." It is unclear what Plaintiff means by this. He also appears to be alleging that he has been "slandered," but it is unclear by

whom.  In the next paragraph of the complaint, Plaintiff appears to be alleging that certain persons "had their cell phones on" in the Ewing library, thereby violating the "Telecommunications Act of 1996" and "FISA," presumably a reference to the Foreign Intelligence Surveillance Act.  The remaining six pages of the complaint are each captioned with a day and date and list what appear to be several hundred license plate numbers that, as best as the Court can construe, were recorded at the various places and times specified on each page.  These bear no cognizable relationship to any allegations in the complaint.

To the extent Plaintiff is attempting to plead a state law defamation claim, his complaint fails to state a claim upon which relief can be granted.  The remainder of Plaintiff's complaint appears to be frivolous, but, in any event, the complaint lacks enough factual matter to state a claim under the Rule 8 pleading standard.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)*;* Fed. R. Civ. P. 8.  Consequently, the Court shall dismiss the complaint.

The Third Circuit has directed that before dismissing a *pro se* complaint, district courts should "expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time."  *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).  Because the complaint, among other things, suffers from a lack of factual specificity, the Court will allow Plaintiff leave to amend his complaint within 20 days to correct the deficiencies identified herein.

Last, Plaintiff attaches two "motions."  The first seeks to "keep Federal Judge David Baker out of this case."  Presumably Plaintiff is referring to United States Magistrate Judge David Baker from the United States District Court in Middle District of Florida.  To the extent this document can be construed as a motion, it is denied as frivolous.

The second motion seeks to "file documents under seal."  It is supported only by a single

sentence that reads "I have been run over by cars and my life has been threatened several times." This "motion" is so deficient, it does not even provide the Court with enough factual support to justify sealing the documents temporarily pending a more complete motion.  Therefore, to the extent that this second document seeks relief from the Court, it is denied.

      An appropriate Order accompanies this Opinion.


                               /s/ JOEL A. PISANO
                               United States District Judge

Dated:  July 22, 2010